IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Criminal Action No. 18-cr-00143-CMA

UNITED STATES OF AMERICA,

 Plaintiff,

v.

BENJAMIN BARTON MAPPS,

 Defendant.

---

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

---

 This matter is before the Court on Defendant Benjamin Barton Mapps's Motion for a Reduction in Sentence Pursuant to the First Step Act ("Motion for Compassionate Release") (Doc. # 37) and Supplement (Doc # 40) submitted by Mr. Mapps's counsel. After complete review of Mr. Mapps's Motion and Supplement, and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission, the Court denies Mr. Mapps's Motion for Compassionate Release.

 FACTORS CONSIDERED:

- Mr. Mapps is a 39-year-old inmate currently housed at FCI La Tuna in Texas. (Doc. # 40 at 3; Doc. # 44 at 1.)

- In 2018, Mr. Mapps pleaded guilty to one count of distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a) and (b)(1)(B) and

one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. # 28 at 1.) The Court sentenced Mr. Mapps to 120 months imprisonment and 4 years of supervised release. (Doc. # 35 at 2–3.)

- Mr. Mapps has served approximately 47 months, or 44%, of his sentence. (Doc. # 40 at 7; Doc. # 44 at 3.) His anticipated release date is April 30, 2026. (Doc. # 40 at 7 n.13.)

- There is no dispute that Mr. Mapps has exhausted his administrative remedies. (Doc. # 44 at 11.)

- Mr. Mapps now seeks compassionate release. (Doc. # 37; Doc. # 40.) He asserts that he is at increased risk of contracting new variants of COVID-19 and suffering severe illness or death because of his obesity and history of smoking. (Doc. # 40 at 1–2.) Mr. Mapps argues that these factors support a finding of extraordinary and compelling circumstances justifying early release. (*Id.*)

- The Court may reduce a defendant's term of imprisonment if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]" the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

- The applicable Sentencing Commission policy statement provides that a court may reduce the term of imprisonment if it finds that (i) "extraordinary and compelling reasons warrant the reduction"; (ii) "the defendant is not a danger to

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the types of conditions and characteristics that qualify as "extraordinary and compelling reasons" for release, including advanced age, severe physical deterioration, terminal illness, and the death of a caregiver of the defendant's minor children. USSG § 1B1.13, cmt. n.1(A)-(C).

- As the movant, Mr. Mapps bears the burden of establishing that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

- Mr. Mapps argues that he "suffers from more than one medical condition – he suffers from both obesity and a history of smoking." (Doc. # 40 at 5.) He contends that these medical conditions render him "particularly susceptible to an increased risk of severe illness from contracting COVID-19." (*Id.* at 4.) Further, Mr. Mapps argues that his history of contracting COVID-19 and his COVID-19 vaccination do not protect him from becoming severely ill or prone to death if he contracts the new Delta or Omicron variants. (*Id.* at 7.)

- The Government responds that Mr. Mapps has not met his burden of showing extraordinary and compelling circumstances justifying early release. (Doc. # 44 at 12.) The Government argues that Mr. Mapps was asymptomatic when he tested positive for COVID-19 in January 2022 and experienced no severe consequences. (*Id.* at 12–13.) Although the Government concedes that obesity

and smoking history can be risk factors for COVID-19, the Government argues those factors do not rise to the level of extraordinary and compelling circumstances when an inmate, such as Mr. Mapps, is otherwise young, healthy, and fully vaccinated and recovered from COVID-19 without symptoms. (*Id.* at 13–14.)

- The Court finds that Mr. Mapps's medical conditions do not rise to the level of "extraordinary and compelling" circumstances justifying compassionate release, such as a terminal illness or permanent physical or medical condition that substantially diminishes Mr. Mapps's ability to provide self-care within the environment of a correctional facility. *See* USSG § 1B1.13, cmt. n.1(A); *United States v. Baca*, No. 2:16-cr-00563-DN, 2021 WL 4440486, at *2 (D. Utah Sept. 28, 2021) (concluding that an inmate who suffered from obesity, had been infected with COVID-19 and recovered, and refused a COVID-19 vaccine failed to show extraordinary and compelling reasons for release); *United States v. Avalos*, No. 13-20026-JAR-1, 2021 WL 3550281, at *5 (D. Kan. Aug. 11, 2021) (determining that an inmate with a history of smoking who was vaccinated against COVID-19 did not provide extraordinary and compelling reasons for early release). Further, Mr. Mapps was asymptomatic when he tested positive for COVID-19 in January 2022, and he has received two doses of the Moderna vaccine. (Doc. # 40 at 7.)

- This Court agrees with those courts that have held that the presence of COVID-19 risk factors, standing alone, do not give rise to extraordinary and compelling

reasons justifying compassionate release. *See, e.g. United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("The mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *accord United States v. Korn*, No. 15-CR-81S, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[I]n this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." (emphasis removed)); *United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Ca. Mar. 25, 2020) ("As defendant does not assert that he is suffering from a medical condition as defined in U.S.S.G. § 1B1.13, a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by § 3582(c)(1)(A).").

- This Court also agrees with those courts that have found that an inmate's vaccination against COVID-19 weighs against a finding of extraordinary and compelling circumstances. *See United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (citing *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. Apr. 5, 2021) for its illustration of a "'growing consensus' that either receiving or refusing COVID-19 vaccination 'weighs against a finding of

extraordinary and compelling circumstances'"); *see also United States v. Williams*, No. 5:01-CR-00012-KDB, 2021 WL 966028, at *3 (W.D.N.C. Mar. 15, 2021) ("Being vaccinated against COVID-19 seriously undermines Defendant's assertion that 'extraordinary and compelling reasons' warrant his release from prison."); *United States v. Singh*, 525 F. Supp. 3d 543, 546–47 (M.D. Pa. Mar. 11, 2021) ("[T]he Court concludes that Singh's recent vaccination mitigates his risk from COVID-19 to such an extent that COVID-19, in combination with Singh's underlying conditions, no longer presents an extraordinary and compelling reason to grant compassionate release."). With respect to new COVID-19 variants, the Court agrees that "generalized statements about vaccine efficacy do not amount to extraordinary and compelling circumstances – the vaccine is still highly effective at preventing death and serious injury, even against the Delta and Omicron variants." *United States v. Davidson*, No. 15 Cr 288 (RMB), 2022 WL 484829 at *3 (S.D.N.Y. Feb. 17, 2022) (quoting *United States v. Farmer*, No. 19-CR-427 (LTS), 2022 WL 47517, at *3 (S.D.N.Y. Jan. 5, 2022)).

- Even assuming Mr. Mapps had met his burden of proving extraordinary and compelling circumstances, early release would not be appropriate. The Court has fully considered the 18 U.S.C. § 3553(a) factors and finds that early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate general or specific deterrence to criminal conduct. Mr. Mapps was sentenced for the serious offense of distributing

large amounts of methamphetamine and illegally possessing a gun to protect his drug business, and he has numerous prior convictions for drug and other offenses. (Doc. # 44 at 3, 16.) Moreover, Mr. Mapps has served less than 50% of his sentence. (*Id.* at 15.) The § 3553(a) factors do not support early release under these circumstances.

- Because Mr. Mapps has failed to demonstrate the existence of extraordinary and compelling circumstances, and because the Court finds that he presents a risk to the community to reoffend, early release is not justified. For the foregoing reasons, Mr. Mapps's Motion for Compassionate Release (Doc. # 37) is DENIED.

DATED: March 11, 2022

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge